IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SHEYENNE NICOLE LILES,** ) | |
| **ID #01956109** ) | |
|       Petitioner, ) | |
| vs. ) | No. 3:16-CV-3360-M (BH) |
| ) | |
| **DEBBIE ERWIN, Warden,** ) | Referred to U.S. Magistrate Judge |
|       Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

## I.  BACKGROUND

Sheyenne Nicole Liles (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on December 6, 2016 (doc. 2).

On September 18, 2014, she was convicted of compelling prostitution of a child younger than 18 years of age, and she was sentenced to 18 years' imprisonment in Cause No. F-1371006-Q in the 204th Judicial District Court of Dallas County, Texas. (Doc. 2 at 2-3.) Although Petitioner states she was convicted in Cause No. F-371006-Q, the appellate court opinion cited by Petitioner (doc. 2 at 3) and public records show she was convicted in Cause No. F-1371006-Q. *See Liles v. State*, No. 05-14-01386-CR, 2015 WL 7720419 (Tex. App.–Dallas, Nov. 25, 2015); *see also* www.dallascounty.org (search for Cause No. F1371006). The judgment was affirmed on appeal. (Doc. 2 at 3); *Liles v. State*, 2015 WL 7720419. She did not file a petition for discretionary review in the Court of Criminal Appeals. (Doc. 2 at 3); *see also* www.txcourts.gov (search for Petitioner). She did not file a state application for writ of habeas corpus. (Doc. 2 at 3); *see also* www.txcourts.gov (search for Petitioner).

She now asserts that she did not receive a fair trial, her counsel was ineffective, and she received a disparate sentence. (Doc. 2 at 6-8).

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present the claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner has not fairly presented the claims she raises in her federal petition to the Court of Criminal Appeals. She did not file a petition for discretionary review, and she did not file a state habeas corpus application. The Court of Criminal Appeals has therefore not had an opportunity to review the claims raised in her federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent

the disruption of state judicial proceedings"). Petitioner is not entitled to habeas corpus relief for failure to exhaust her state remedies.

### III.  RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 9th day of January, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE